FILED
May 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002668768

3

JaVonne M. Phillips, Esq., SBN 187474
Mishaela J. Graves, Esq., SBN 259765
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800 Ext. 3423
Fax (619) 685-4810

Attorney for: Secured Creditor,
DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-15299 |
| | ) |
| Jose Martinez, | ) DC No.: MIG-1 |
| Connie S. Martinez, | ) |
| | ) Chapter 7 |
| Debtors. | ) |
| _____ | ) |
| DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc., | ) **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | ) |
| Secured Creditor, | ) |
| v. | ) Date: 06/22/2010 |
| | ) Time: 1:30 PM |
| Jose Martinez, Connie S. Martinez, | ) Ctrm: 11, Fifth Floor |
| Debtors; and Sheryl Ann Strain, Chapter 7 Trustee, | ) Place: 2500 Tulare Street |
| | ) Fresno, CA |
| | ) |
| | ) Judge: Whitney Rimel |
| Respondents. | ) |
| | ) |
| _____ | ) |

DLJ Mortgage Capital, Inc., its assignees and/or successors, and the servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtors property, commonly known as 838 South Susan Avenue, Kerman, CA 93630, ("Property" herein). **See Exhibit "1"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtors' subject Property is $236,000.00, based upon the Debtors' own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtors' Schedules. **See Exhibit "4"**.

Other than Secured Creditor's Deed of Trust, the Debtors' subject Property is also encumbered by a Second Deed of Trust in favor of Nationstar Mortgage LI in the approximate amount of $79,452.00 as set forth in Debtors' Schedule D. **See Exhibit "5"**.

In the present case, the Debtors have no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---:|
| Value | $ | 236,000.00 |
| Total Liens to Secured Creditor | $ | 381,398.53 |
| Junior Liens | $ | 79,452.00 |
| Equity | $ | (224,850.53) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.
2. For an Order that the fourteen day stay described in Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For such other relief as the Court deems proper.
5. The Moving Party, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

Dated: May 28, 2010     McCarthy & Holthus, LLP

By: /s/ Mishaela J. Graves
Mishaela J. Graves, Esq.
Attorney for Secured Creditor
DLJ Mortgage Capital, Inc., its assignees
and/or successors, and the servicing agent
Select Portfolio Servicing, Inc.